1. The Defendant's Motion for Summary Judgment [D.E. 13] is GRANTED.

Suleiman **ALDABBLAN**, Plaintiff,

v.

**FESTIVE PIZZA, LTD.**, Defendant.

No. 04–20098–CIV.

United States District Court,
S.D. Florida.

Aug. 9, 2005.

Summary Judgment [DE–54], filed on May 25, 2005. Plaintiff Suleiman Aldabblan, proceeding *pro se* filed a complaint alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626, *et seq.* ("ADEA"). Specifically, Plaintiff alleges that Defendant discriminated against him by denying him a promotion and ultimately terminating his employment because of his age. Defendant moves for case dispositive summary judgment, contending that Plaintiff's failure to demonstrate that he was qualified for his job, or that he was replaced by a substantially younger individual, is fatal to his *prima facie* case: Defendant further contends that Plaintiff has failed to submit any evidence supporting a finding that the legitimate reasons for Plaintiff's discharge—namely, his deficient performance, violation of company policies, and disregard of his supervisor's directives—were pretexts for unlawful discrimination. Upon careful review of Defendant's Motion, the response and reply thereto, and the relevant portions of the record, the Court finds that Defendant is entitled to summary judgment as to Plaintiff's claims of age discrimination under the ADEA.

Suleiman Aldabblan, Miami, FL, pro se.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SEITZ, District Judge.

THIS MATTER is before the Court on Defendant Festive Pizza, Ltd.'s Motion for

## I. FACTUAL BACKGROUND

Festive Pizza, Ltd., is a small franchisee of Papa John's Pizza, which has owned and operated a number of Papa John's stores in the South Florida area over the past eleven years. *See* Aff. of Anthony Spencer ("Spencer Aff."), DE–54 at Ex. A, ¶ 6. In or about October 2000,[1] Anthony Spencer,

---

1. On June 8, 2005, Defendant filed an amended Motion for Summary Judgment [DE–63] and amended affidavit of Anthony Spencer [DE–65] for the sole purpose of correcting three scrivener's errors with respect to the dates of Plaintiff's employment and termination. Specifically, while Defendant's original motion and the original Spencer affidavit cited the commencement of Plaintiff's employment as 2001 and his termination date in 2002, the proper years are 2000 and 2001, respectively. Because the errors were minor and Plaintiff filed his response to the original motion, not to the amended one, the Court's order focuses on the original Motion for Summary Judgment along with the original

a 52–year old male employed as Festive's Area Director/Operations Director, interviewed Plaintiff for a position with Festive. *Id.* at ¶¶ 1, 3, 8. At that time, Festive did not have any General Manager positions available. *Id.* at ¶ 8. However, based directly on Plaintiff's statements during the interview regarding his prior experience as a General Manager with Domino's Pizza, Spencer hired Plaintiff as a General Manager Trainee with the expectation that Plaintiff would ultimately become a General Manager.[2] *Id.* Spencer advised Plaintiff that if he proved himself during the training period to have the knowledge, experience and skills that he claimed during the interview, Festive would use him as a General Manager in one of the stores, when a position became available. *Id.* Spencer states, however, that he made no promises to Plaintiff that he would be given the General Manager position or that such position would be given to him within a specified period of time or at any particular store. *Id.*

Plaintiff began working for Festive as a General Manager Trainee on or about October 9, 2000. *Id.* at ¶ 10. He received a General Manager's salary and benefits throughout his employment at Festive. *Id.* Prior to becoming eligible for a General Manager position, a candidate must demonstrate a successful track record as a trainee or as an Assistant Manager for Festive. *Id.* at ¶ 13. In an effort to train Plaintiff and to develop him for a General Manager position, Mr. Spencer rotated Plaintiff to different Festive stores. *Id.* at ¶ 14. Despite giving Plaintiff the opportunity to prove his skills and experience, it was Mr. Spencer's opinion that Plaintiff failed to perform even at the level required for an Assistant Manager position. *Id.* at ¶¶ 14–15. Specifically, Mr. Spencer observed that the Assistant Managers at each of the stores where Plaintiff worked were stronger than Plaintiff at running shifts, following company policies and procedures, and maintaining food and cost control. *Id.* at ¶ 15.

Further, other managers complained to Mr. Spencer that they did not want Plaintiff as part of their team, which was another reason why Plaintiff was moved around to different stores. *Id.* The managers complained that Plaintiff refused to follow company procedures for making pizza (for instance, he used the wrong cheese, topping and dough slap procedures), even after being repeatedly instructed in the correct procedures. *Id.* There were also complaints that Plaintiff had been weak and ineffective in managing the assistant managers during their shifts, spent too much time in the office smoking and drinking coffee during the rush periods, left work earlier than scheduled, and did not work the stations properly. *Id.*

Throughout his employment with Festive, Mr. Spencer also observed that Plaintiff failed to properly control his shift in violation of Festive's policies and proce-

---

Spencer affidavit, taking into account the corrected dates reflected in Defendant's. amendments.

**2.** A General Manager working for Festive is required to manage the day-to-day operations of the restaurant and to ensure product quality, customer satisfaction, restaurant profitability, and "assimilation into the Papa John's culture." *Id.* at ¶ 11; *see also* DE–54 at Ex. B. The job duties include overseeing operations within the restaurant; ensuring compli-

ance with operational standards, company policies and federal/state/local laws and ordinances; monitoring and facilitating the sale and profit performance of the restaurant, managing customer complaints; hiring, supervising and terminating team members; upholding safety and security standards; and maintaining a professional image, including restaurant cleanliness and appearance standards. *Id.* at ¶ 12.

dures, and failed to exhibit the customer service that Festive required (such as by failing to meet Festive's 90% on-time delivery requirement). *Id.* at ¶¶ 16, 18. Mr. Spencer visited the stores during Plaintiff's shift on several occasions, and found the stores to be dirty, disorganized, unprepared, and uncontrolled. *Id.* at ¶ 16. On each occasion, Spencer verbally counseled Plaintiff regarding proper procedures, but Plaintiff failed to show any improvement. *Id.* Spencer also verbally reprimanded Plaintiff on two separate occasions for leaving work earlier than scheduled.[3] *Id.* at ¶ 17.

On another occasion, Plaintiff was written up for violating Festive's cash control policy, which is designed to ensure the proper handling of cash in the restaurants. *Id.* at ¶¶ 19–20; *see also* Employee Consultation Mem., attached to Spencer Aff. at Ex. C. In accordance with the policy, the manager is responsible for taking deposits to the bank between 9:30 a.m. and 11:00 a.m., locking the store safe when unattended, and ensuring that the store's security video equipment is working. *Id.* at ¶ 19. On February 4, 2001, Plaintiff opened the store as scheduled but failed to take a $2,454.00 deposit to the bank between 9:30 a.m. and 11:00 a.m., as required. *Id.* at ¶ 20. According to Spencer, Plaintiff also left the safe unlocked with the deposit inside throughout his shift. *Id.* An hourly employee and pizza maker, Mike Davis took the deposit from the safe while Plaintiff was not looking.[4] *Id.* Plaintiff further

violated company policy by failing to report the deposit missing until approximately 6:00 p.m. *Id.*

Based on Plaintiff's consistent and repeated poor performance, violations of company policy, and failure to improve following a number of consultations and training, Spencer concluded that Plaintiff was not qualified for any management position, including that of General Manager. *Id.* at ¶ 21. Spencer also learned from a General Manager at one of the stores where Plaintiff worked that Plaintiff had made a comment about how he "had a good thing going" since he was getting paid a General Manager's salary without having to deal with the General Manager's responsibilities. *Id.* On May 14, 2001, Spencer terminated Plaintiff's employment. *Id.* at ¶ 21; *see also* Termination Notice, attached to Spencer Aff. at Ex. D. Notably, Plaintiff never complained to Spencer or anyone else at Festive about age discrimination, and Plaintiff was not replaced by another General Manager Trainee following his termination. *Id.*

Plaintiff dual-filed his Charge of Discrimination with the Florida Commission on Human Relations (FCHR) and the Equal Employment Opportunity Commission (EEOC) on August 17, 2001. *See* DE–29 at 17. In his Charge, which was timely filed, Plaintiff alleged age discrimination in violation of the ADEA, in connection with Defendant's failure to promote him to manager and his ultimate termi-

---

3. Plaintiff often reported to work in the morning much earlier than scheduled, and left the store earlier than he should have when the store was busy. Spencer advised Plaintiff that the store did not need him at 8:00 a.m., but instead at 9:30 a.m. as scheduled. Spencer further informed Plaintiff that he was needed in the store between 6:30 p.m. and 8:00 p.m., when the stores were busy, and that he should stick to the manager's schedule. *Id.* at ¶ 17.

4. Plaintiff, when counseled regarding the incident, was advised that Davis, who was prosecuted for the theft, admitted that it was easy for him to steal the deposit because Plaintiff left the safe unlocked and unattended. *See* Employee Consultation Mem., attached to Spencer Aff. at Ex. C; *see also* Spencer Aff. at ¶ 20.

nation from employment. *Id.* Following the FCHR's investigation, on October 15, 2003, the EEOC issued a Dismissal and Notice of Rights advising Plaintiff that he had ninety (90) days from receipt of the Notice to file suit.[5] *Id.* at 16. Plaintiff timely-filed this action on January 14, 2004.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)). Accepting this evidence as truthful, the Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997) (quoting *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505).

■ When a motion for summary judgment has been made properly, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that there are specific facts demonstrating that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Although the Court must view factual inferences favorably to the non-moving party, and *pro se* complaints are entitled to liberal interpretation, the Eleventh Circuit has repeatedly held that "a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir.1990) (citations omitted); *see also Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir.1997). Therefore, in this case as in all others, Plaintiff must come forward with specific record evidence demonstrating the existence of a genuine issue of material fact.

### B. Plaintiff Cannot Establish a Prima Facie Case of Age Discrimination

■ Plaintiff alleges that Festive violated his rights under the ADEA by unlawfully discriminating against him on the basis of his age. The ADEA makes it "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a *prima facie* case of discrimination, a

---

**5.** The EEOC's Dismissal and Notice of Rights indicated that "[t]he EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." DE–29 at 16. Neither party has provided the Court with the FCHR's findings terminating its investigation. However, as it relates to the issue of timeliness, Plaintiff has demonstrated that he fulfilled all administrative prerequisites to suit, and that he timely filed this action within ninety (90) days of his receipt of the Notice of Rights.

Plaintiff must either: (1) present direct evidence of discriminatory intent; (2) establish circumstantial evidence of discrimination; or (3) demonstrate a pattern of discrimination through statistics. *Lindsey v. Burlington N. Santa Fe Ry. Co.*, No. 03–13079, 2004 WL 443773 at *1 (11th Cir. March 8, 2004) (citing *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)). Because Plaintiff has failed to identify any statistical or direct evidence of discrimination, his claims are governed by the burden-shifting framework developed by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Under this framework, Plaintiff bears the initial burden of proving a *prima facie* case of discrimination, in the absence of which Defendant is entitled to summary judgment. *See Doe v. Dekalb County Sch. Dist.*, 145 F.3d 1441, 1445 (11th Cir.1998).

■ To establish a *prima facie* case of age discrimination in violation of the ADEA, Plaintiff must prove that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) he was replaced by or otherwise lost his position to a substantially younger person; and (4) he was qualified for his position. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir.2000) (citing *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1207–08 (11th Cir.1997); *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir.1999)). It is undisputed that Plaintiff, who was terminated from

his employment with Festive at the age of forty-eight (48), can establish the first and second elements of his *prima facie* case. However, because Plaintiff has failed to establish the third and fourth requisite elements, he cannot meet the standard for demonstrating a *prima facie* case of discrimination based on circumstantial evidence.

■ As to the third element of the *prima facie* standard, Plaintiff has not demonstrated that he was replaced by a substantially younger person. Plaintiff states, at ¶ 17 of his affidavit, that he was replaced at the Miami Gardens location with a substantially younger woman named Jessica. *See* Aff. of Suleiman Aldabblan ("Pl.'s Aff."), DE–68 at ¶ 17. However, Plaintiff provides no details regarding this employee named "Jessica," such as her age, position, or her employment background with Defendant.[6] Further, while Plaintiff cites to "Daily Operation Report on 5/12/2001" as support for the fact that Jessica replaced him, that report is not part of the court record, and Plaintiff has provided no other evidence buttressing his allegation that he was replaced. In the absence of any such evidence from Plaintiff, Defendant's statement that it did not hire anyone as a General Manager Trainee after Plaintiff was terminated remains uncontested. *See* Spencer Aff. at ¶ 24. Accordingly, Plaintiff has failed to meet his burden of coming forward with evidence to establish the third element of his *prima facie* case.

■ Next, Plaintiff has failed to proffer any evidence supporting his claim that he was qualified for his position with Defendant. In age discrimination cases, the court must focus on the plaintiff's "skills

---

**6.** The Eleventh Circuit has held that a replacement who is only three or five years younger than the Defendant may qualify as "substantially younger" for purposes of the *prima facie* case. *See Damon*, 196 F.3d at

1360 (finding five year age difference between Plaintiff and his replacement to be sufficient); *see also Carter v. DecisionOne Corp.*, 122 F.3d 997, 1003 (11th Cir.1997) (three year age difference).

and background to determine if [he was] qualified for a particular position." *See Damon,* 196 F.3d at 1360 (quoting *Clark v. Coats & Clark,* 990 F.2d 1217, 1227 (11th Cir.1993)). "Where a plaintiff has held a position for a significant period of time, qualification for that position, sufficient to satisfy a *prima facie* case, may be inferred." *Id.* (quoting *Pace v. S. Ry. Sys.,* 701 F.2d 1383, 1386 n. 7 (11th Cir.1983)). However, where the plaintiff has not enjoyed a lengthy tenure in the position, and the plaintiff otherwise fails to establish that his job performance met the legitimate expectations of his employer, the plaintiff cannot meet the fourth element of his *prima facie* case. *Id.; see also Dingman v. Delta Health Group,* 26 F.Supp.2d 1349, 1352 (S.D.Fla.1998) (citing *O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308, 310–13, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996)).

Plaintiff has not presented any competent record evidence supporting his claim that he was qualified for the General Manager Trainee position. Instead, Plaintiff repeats the conclusory assertion, based only on his subjective beliefs, that he was qualified. *See* Pl.'s Mot. to Dismiss Def.'s Mot. for Summ. J. at 17 ("I was qualify [*sic*] for the position of General Manager. Also I am qualify [*sic*] for the position I been [*sic*] holding when I been layoff [*sic*]. By law and by company policy."). Such conclusory statements fail to overcome Defendant's otherwise undisputed evidence regarding Plaintiff's poor performance, violations of company policy, lack of qualifications, and disregard for company procedures. Further, because Plaintiff was only employed by Defendant for approximately seven months at the time of his termination, he is not entitled to an inference that he was qualified solely by virtue of his tenure in the position. Plaintiff's failure to meet this fourth element of the *prima facie* case is therefore fatal to his age discrimination claim.[7]

## C. Defendant Has Articulated a Legitimate, Non–Discriminatory Reason for Terminating Plaintiff's Employment, and Plaintiff Cannot Demonstrate Pretext

Even assuming that Plaintiff could establish a *prima facie* case of age discrimination, Defendant has articulated legitimate, non-discriminatory reasons [8] for the employer's actions. *See Williams v. Vitro Servs. Corp.,* 144 F.3d 1438, 1443 (11th Cir. 1998) (citing *Buhrmaster v. Overnite Transp. Co.,* 61 F.3d 461, 464 (6th Cir.1995) (holding that "an individual who is willing to hire and promote a person of a certain class is unlikely to fire them simply because they are a member of that class")). Thus, while the Court will not apply a presumption of non-discrimination based on the fact that Mr. Spencer both hired and fired Plaintiff within a 7 month period, this fact does strongly suggest that the reason for Plaintiff's discharge was his performance, and not his age. This conclusion is also buttressed by the fact that Mr. Spencer himself is 52 years old.

---

**7.** While not directly related to any element of the *prima facie* standard, the Court notes that Plaintiff has failed to address the fact that he was hired and fired by the same individual, Anthony Spencer, in a period of only seven months. The circuit courts have attributed varying degrees of significance to the fact that the same individual both hired and fired the employee. Some circuits have held that where the same individual hired and fired the employee, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive. *See, e.g., Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267, 270–71 (9th Cir.1996); *see also Brown v. CSC Logic, Inc.,* 82 F.3d 651, 658 (5th Cir.1996) (approving the "same actor inference"). While the Eleventh Circuit does not apply a presumption of non-discrimination in such situations, it has recognized that such facts may give rise to a permissible inference that no discriminatory animus motivated

**8.** Under the *McDonnell Douglas* burden-shifting framework, once the Plaintiff establishes a *prima facie* case, then an "exceedingly light" burden of production shifts to Defendant to

not promoting and for firing Plaintiff, and Plaintiff cannot demonstrate that Defendant's reasons were pretextual. Specifically, Defendant has asserted that it discharged Plaintiff due to poor performance, violation of company policies, and disregard of company directives. Because Defendant has articulated these legitimate, non-discriminatory reasons, Plaintiff must offer evidence, and at all times bears the burden of, demonstrating that Defendant's proffered justifications are pretexts. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1339 (11th Cir.2000). When an employer's evidence of legitimate reasons for adverse actions taken would negate any discriminatory inference, the court requires substantial rebuttal evidence to defeat summary judgment. *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 597 (11th Cir.1987).

 In conducting a pretext analysis, the Court should focus on the perception of the decision-maker. *Chapman*, 229 F.3d at 1034. Plaintiff's mere belief, speculation, or conclusory allegations that Defendant discriminated against him, therefore, are insufficient to withstand summary judgment. *Coutu v. Martin County Bd. of County Comm'rs*, 47 F.3d 1068, 1073–74 (11th Cir.1995). Further, Plaintiff may not establish that Defendant's proffered reasons are pretextual "merely by questioning the wisdom of the employer's reasons, at least not where ... the reason is one that might motivate a reasonable employer." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir.1997), *cert. denied*, 522 U.S. 1045, 118 S.Ct. 685, 139 L.Ed.2d 632 (1998); *see also Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir.1999), *cert. denied*, 529 U.S. 1109, 120 S.Ct. 1962, 146 L.Ed.2d 793 (2000). Stated differently, "[a] plaintiff is not allowed to recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer." *Chapman*, 229 F.3d at 1030. Rather, the Eleventh Circuit requires that "an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Id.* (citing *Alexander*, 207 F.3d at 1341).

Even a liberal reading of Plaintiff's response memorandum, filed *pro se*, fails to reveal any competent evidence of pretext. Defendant's articulated reasons for terminating Plaintiff's employment—deficient performance and violation of company policies—are thoroughly described in the affidavit of Anthony Spencer, and are the types of reasons that would undoubtedly motivate a reasonable employer to take immediate action. Plaintiff, instead of offering any evidence to dispute Defendant's specific assertions of deficient performance and lack of qualifications, relies almost entirely on speculation and conclusory, unsupported statements. Plaintiff also points to other individuals identified only by first names (such as Marie, Don, Lisa, Jeff, Georg), who he alleges were younger employees with less experience who were nonetheless given General Manager positions. However, because Plaintiff has failed to provide the Court with any record evidence demonstrating the ages, employment backgrounds, and qualifications of these alleged employees, the Court cannot rely on these employees' alleged promotions as evidence of pretext. Indeed, if Plaintiff intended to rely on the argument

articulate a legitimate, non-discriminatory reason for its employment decision concerning Plaintiff. *Meeks v. Computer Assocs. Int'l,*

15 F.3d 1013, 1021 (11th Cir.1994); *Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir.1997).

that younger, less qualified employees were promoted while he was fired, Plaintiff was required to produce evidence of both his qualifications and those of the other employees, and to demonstrate that the disparity between the two is "so apparent as virtually to jump off the page and slap you in the face." *See Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1268 (11th Cir.2001); *see also Denney v. City of Albany*, 247 F.3d 1172, 1187 (11th Cir.2001); *Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1253 (11th Cir.2000). Plaintiff has failed to do so.[9]

Further, in his opposition to summary judgment, Plaintiff has completely failed to "meet [Defendant's articulated legitimate, non-discriminatory] reason head on and rebut it." *See Chapman*, 229 F.3d at 1030 (citing *Alexander*, 207 F.3d at 1341). Specifically, Plaintiff does not dispute the evidence that he failed to control his shifts, violated the company's cash control policy, elicited complaints from other managers about his ineffective management skills, refused to follow company procedures for making pizzas, failed to prepare the stores for the amount of business coming in, routinely left work earlier than scheduled, and failed to exhibit the level of customer service that Festive required. Instead, Plaintiff attempts to redirect the Court's attention to his unsupported allegations that Defendant was driven to fire him solely because of his age. It is clear that Plaintiff is merely attempting to substitute his own business judgment for that of his employer. This is insufficient to withstand summary judgment. *See Combs*, 106 F.3d

at 1543; *see also Damon*, 196 F.3d at 1361 (11th Cir.1999). Plaintiff's remaining arguments are merely conclusory, speculative assertions unsupported by any record evidence. Such statements are insufficient to demonstrate that Defendant's legitimate reasons for firing Plaintiff—reasons, in fact, that "might motivate a reasonable employer"—are pretexts. Accordingly, the Court will grant Defendant's Motion for Summary Judgment on Plaintiff's claims of age discrimination in violation of the ADEA.

## III. CONCLUSION

In ruling on Defendant's three Motions to Dismiss, this Court heeded the Supreme Court's mandate in *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), that complaints alleging civil rights violations not be held to a heightened pleading requirement. This Court ruled that because of the liberal notice pleading system established by the Federal Rules of Civil Procedure, Plaintiff did not need to plead facts establishing a *prima facie* case in his Complaint, as those facts could be developed during discovery. Now, several months later, after both parties have had ample opportunity to take discovery, Plaintiff has failed to produce any record evidence supporting his claims of age discrimination, instead resorting to conclusory statements without any supporting facts and record evidence. Although Plaintiff's *pro se* pleadings must be liberally construed, Plaintiff cannot escape his burden of producing specific evidence opposing summary judgment by simply

---

9. Plaintiff states that he needs certain documents from the company to prove his claims, and requests "strict proof" as to many of Defendant's statements. However, from the date that Defendant was served in this case, Plaintiff had a period of approximately eight months to engage in discovery and to request the documents and information (through interrogatories, requests for production, deposi-

tions, and subpoenas) that he needed to prove the essential elements of his claim. Discovery has now been closed for nearly four months. Plaintiff's claims cannot survive Defendant's well-taken motion for summary judgment in the absence of a disputed issue of material fact, and without the requisite record evidence to prove his claims.

shielding himself in his *pro se* status.[10] Accordingly, it is hereby

ORDERED AND ADJUDGED that:

(1) Defendant's Motion for Summary Judgment [DE–54] is GRANTED. Defendant shall be awarded case dispositive summary judgment on Plaintiff's claims of age discrimination under the ADEA;

(2) All pending motions not otherwise ruled upon are DENIED AS MOOT; and

(3) This case is CLOSED.

10. Recognizing his *pro se* status, this Court issued several orders in an effort to assist Plaintiff in complying with the procedural requirements imposed by the federal and local rules. On August 10, 2004, the Court issued an Order of Instructions to Pro Se Litigant [DE–9], advising Plaintiff on specific court practices and further directing him to the federal and local rules. Further, on May 31, 2005, the Court issued an Order of Instructions to Pro Se Plaintiff Concerning Response to Motion for Summary Judgment [DE–58], providing additional guidance on Plaintiff's responsibilities in responding to a motion for summary judgment. Notwithstanding these efforts, Plaintiff failed to carry his burden in opposing Defendant's motion for summary judgment.